UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| D.H., individually and on behalf of all others similarly situated, | ) ) ) ) JURY TRIAL DEMANDED |
| Plaintiff, | ) ) |
| | ) Cause No.: |
| v. | ) ) |
| | ) (REMOVED FROM MISSOURI |
| MED-DATA INCORPORATED, | ) CIRCUIT COURT 16TH |
| | ) JUDICIAL CIRCUIT Case No. |
| Defendant, | ) 2116-CV09146) |

### NOTICE OF REMOVAL OF CAUSE

To: **Attorney for Plaintiff**
McShane & Brady, LLC
Attn: Maureen M. Brady
Lucy McShane
Nicholas Luedecke
1656 Washington Street, Suite 120
Kansas City, MO 64108

**Attorneys for Plaintiff**
Norman & Graves Law Firm
Attn: Phyllis A. Norman
4505 Madison Ave. Ste. 220
Kansas City, Missouri 64111

**United States District Court, Western District of Missouri**
Charles Evans Whittaker U.S. Courthouse
400 E. 9th Street
Kansas City, Missouri 64106

PLEASE TAKE NOTICE that pursuant to under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant MED-DATA INCORPORATED ("Med-Data"), hereby removes the above-captioned action from the Sixteenth Judicial Circuit of Jackson County, Missouri to this Court on the ground of original jurisdiction based on 28 U.S.C. § 1332(d). The following statement is submitted in accordance with 28 U.S.C. § 1446.

1.      On or about April 20, 2021, Plaintiff D.H. ("Plaintiff") filed a Class Action Petition for Damages (the "Petition") in the 16th Judicial Circuit of the State of Missouri, entitled *D.H., individually and on behalf of all others similarly situated v. Med-Data, Inc.,* Case No. (the "State Court Action"), a true and correct copy of which is being filed concurrently with this notice.

2.      Per the Affidavit of Service (a true and correct copy of which is attached hereto as Exhibit B), a copy of the Summons and Petition (a true and correct copy of which is attached hereto as Exhibit A) and Petition were served on Defendant's registered agent for service on or about May 26, 2021.

3.      Plaintiff seeks to represent a class consisting of "patients of Med-Data who entrusted their personal health information ('PHI') and personally identifiable information ('PII') to Med-Data." Petition at ¶1. The Petition asserts that sensitive personal information belonging to Plaintiff and the putative class members was allegedly compromised in a MedData data security incident that occurred between December 2018 and September 2019, when data related to MedData's business was allegedly uploaded to a public facing website. Petition at ¶¶2, 24. MedData removed the files from the website on December 17, 2020.

4.      The Petition asserts seven causes of action against MedData: (1) Breach of Implied Contract; (2) Negligence; (3) Invasion of privacy by public disclosure of private acts; (4) Breach of fiduciary duty of confidentiality; (5) Violations of Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq.; (6) Negligent training and supervision; (7) Negligence per se. Petition at ¶¶ 79-142.

5.      Defendant is the only defendant in the State Court action. There are no unserved defendants, and as such, Defendant is the only defendant that need consent to this removal.

# II. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

6. The Class Action Fairness Act of 2005 ("CAFA") grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, where the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and where the number of putative class members exceeds 100. 28 U.S.C. §§ 1332(d)(1)(B), (d)(2)(A), and (d)(5)(B); *see Priozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981 (8th Cir. 2019).

7. There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

8. This action satisfies all requirements for removal under CAFA, as set forth below. Further, while there are certain exceptions to this rule of original jurisdiction contained in 28 U.S.C. §§ 1332(d)(3)-(5), none of the exceptions are applicable here, as demonstrated below.

**A.     Minimum Diversity Exists.**

9. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

10. Plaintiff alleges that he/she is a resident of Jackson County, Missouri (Petition at ¶ 14).

11. Plaintiff does not allege the citizenship of the putative class members.

12. MedData is a corporation and is therefore deemed to be a citizen of the state in which it has been incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is generally its headquarters. Hertz Corp. v. Friend, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 174 L. Ed. 2d 1029 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

13. MedData is organized under the laws of the State of Washington. Its principal place of business is in Texas.

14. Consequently MedData's citizenship (Washington and Texas) is diverse from Plaintiff's (Missouri) and the minimum diversity requirement under CAFA is satisfied.

**B.   Size of the Purported Class.**

15. Plaintiff brings this action on behalf of himself/herself and a putative class defined as: "patients of Med-Data who entrusted their personal health information ('PHI') and personally identifiable information ('PII') to Med-Data." Petition at ¶ 1.

16. Plaintiff alleges that "[u]pon information and belief, the Breach affected tens of thousands of Defendant's patients." Petition at ¶ 28.

17. The data security incident that forms the basis of the Plaintiff's Petition affected approximately 135,000 individuals across the country. Declaration of Thomas J. Birchfield ("Birchfield Decl.", ¶ 2). Although MedData disputes all liability and disputes that the Plaintiff can establish the requirements for a class action, or that the 135,000 individuals qualify to be part of the class, on the face of the Class Petition the parameters of the proposed class include these

135,000 individuals that were affected by the data security incident. Thus, it is clear that the aggregate number of the proposed class well exceeds 100 as required under CAFA. *See* U.S.C. § 1332(d)(5)(B).

C. **The Amount in Controversy Exceeds $5,000,000.**

18. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d)(2). Here, the allegations in Plaintiff's Complaint and the claimed damages exceed the jurisdictional minimum.

19. A plaintiff's Petition is a court's "first source of reference in determining the amount in controversy." *St. Paul Mercury Indem. Co. b. Red Cab Bo.,* 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938). In determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by a plaintiff's petition—not what a court or jury might later determine to be the actual amount of damages, if any. *LaCrosse v. Knight Transp. Inc.*, 7775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). In determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint — not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"). Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. "[A] defendant's notice of removal need include

only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S. Ct. at 554. This standard applies to complaints like that Complain in this action, which does not allege or seek a specific amount of damages. *Dart Cherokee*, 135 S. Ct. at 554-55.

20. In this case, Plaintiff alleges that he/she and the purported class have suffered numerous types of damages, including:

    (1) the untimely and/or inadequate notification of the Breach;

    (2) improper disclosure of their PHI and PII;

    (3) loss of privacy;

    (4) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach;

    (5) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud;

    (6) the increased risk of identity theft; and,

    (7) emotional distress.

Plaintiff alleges that "at the very least, Plaintiff and the other Class members are entitled to nominal damages." Petition at ¶ 85, 91, 98, 106, 126, 139.

21. Plaintiff alleges that Plaintiff and members of the Class suffered damages including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life. Petition at ¶ 120. Plaintiff also alleges that future monitoring in the form of identity-theft or related identity protection is necessary. Petition at ¶ 141.

22. Plaintiff seeks actual damages for all monies paid to Defendant in violation of the HIPAA and HITECH. In addition Plaintiff seeks attorneys' fees. Petition at ¶ 121, 142.

23. Although Plaintiff does not allege any specific dollar amounts for these numerous types of damages, he/she implies that data breach victims who are further victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513 and incur an average of $354 of out-of-pocket expenses attempting to rectify the situation. 135,000 individuals multiplied by $354 out-of-pocket expenses alone equals $47,790,000, far exceeding $5,000,000.

24. Even if Plaintiff had implied a far smaller amount of out-of-pocket damages, given the potentially large size of the proposed class (approximately 135,000), Plaintiff would only have to allege $37.04 in damages for all damages (e.g. out-of-pocket costs, diminution of value of the information, costs associated with frozen assets or credit, costs related to unauthorized use of the information, emotional distress, etc.) in order to exceed the jurisdictional amount in controversy of $5,000,000.

25. Further, Plaintiff is seeking attorneys' fees. In determining whether a Petition meets the amount in controversy requirement, a removing party may include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

26. In short, MedData alleges that the amount Plaintiff has put in controversy clearly exceeds $5,000,000, thus establishing subject matter jurisdiction under CAFA. MedData's allegations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal tests applicable to Plaintiff's allegations, or whether a class action is proper. *LaCrosse v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Circ. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at

trial.") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1). While MedData denies the validity and merit of all of Plaintiff's claims and the demands for monetary and other relief that flow from them (assuming them to be accurate for purposes of this removal only), a reasonable person, reading the petition would conclude that Plaintiff was seeking damages in an amount greater than the minimal jurisdictional amount of this Court.

27. MedData reserves the right to provide evidence as to the above calculations and all other amounts sought by Plaintiff in the Petition should Plaintiff challenge or should the Court question the amount in controversy.

### III. NO CAFA EXCEPTIONS APPLY

28. CAFA contains an exception to its grant of original jurisdiction when the primary defendants are citizens of the State in which the action was originally filed and when more than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4). CAFA also provides that the Court may, in its discretion, decline jurisdiction if more than one-third, but less than two-thirds, of the class are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(3). Neither of these exceptions applies here. Out of the 135,000 members of the putative class, approximately 4,013 are State of Missouri residents (Birchfield Decl., ¶ 3) – far less than the one-third threshold for the discretionary ability to decline jurisdiction under 28 U.S.C. § 1332(d)(3) and even further less than the two-thirds threshold under § 1332(d)(4).

29. CAFA also contains exceptions to its grant of original jurisdiction for when the defendants are government entities or the putative class numbers less than 100 in the aggregate (28 U.S.C. § 1332(d)(5)).

30. Because MedData is not a government entity and because the putative class numbers more than 100 in the aggregate, these exceptions to jurisdiction set forth in CAFA also do not apply.

## IV. REMOVAL IS TIMELY

31. As set forth above, the Petition was served on Defendant's agent for service of process on or about May 26, 2021. This Notice of Removal is timely in that it has been filed within thirty days of the date of service of the Complaint consistent with 28 U.S.C. § 1446(b).

## V. MEDDATA PROVIDED NOTICE TO PLAINTIFF

32. Pursuant to 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal, MedData will give written notice to Plaintiff's counsel of record: Maureen M. Brady, Lucy McShane, and Nicholas Luedecke at McShane & Brady, LLC, 1656 Washington Street, Suite 120, Kansas City, MO 64108.

33. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the 16th Judicial Circuit of the State of Missouri for Jackson County.

## VI. VENUE

34. Venue lies in the United States District Court in and for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the 16th Judicial Circuit of the State of Missouri for Jackson County, where the suit was originally filed, is located within the District.

## VII. INTRADISTRICT ASSIGNMENT

35. This action is properly removed to the Western Division of the Western District of Missouri because the action is currently pending in Jackson County. See Petition at ¶ 13.

## VIII. ATTACHMENT OF PLEADINGS

36. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon MedData and found in the files of the 16th Judicial Circuit of the State of Missouri for Jackson County are attached hereto. *See* chart below.

| Exhibit | Document |
|---------|----------|
| A | Petition and Summons |
| B | Affidavit of Service |
| C | Docket Sheet |

## IX. NO ADMISSION

37. Defendant expressly admits no liability to Plaintiff or to the putative class he/she seeks to represent, does not admit that Plaintiff has stated a claim, does not admit that Plaintiff is an adequate class representative for the putative class that he/she seeks to represent or that the proposed class otherwise satisfies the requirements for class certification. Defendant further does not admit that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint.

## X. CONCLUSION

38. This action meets all of CAFA's requirements for removal, and this removal pleading is both timely and proper. WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the 16th Judicial Circuit of the State of Missouri for Jackson County, to this Court.

Respectfully submitted,

MED-DATA INCORPORATED

By: */s/ Daniel E. Tranen*
Daniel E. Tranen, #48585 (MO)
Jesse J. Gray #68855 (MO)
Wilson Elser Moskowitz
Edelman & Dicker LLP
101 West Vandalia Street, Suite 220
Edwardsville, IL 62025
618-307-0200 (Phone)
618-307-0221 (Fax)
daniel.tranen@wilsonelser.com
jesse.gray@wilsonselser.com

*Attorneys for Med-Data Incorporated*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| D.H., individually and on behalf of all others Similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MED-DATA INCORPORATED, )<br>)<br>Defendant, ) | JURY TRIAL DEMANDED<br><br>Cause No.:<br><br>REMOVED FROM MISSOURI CIRCUIT COURT 16TH JUDICIAL CIRCUIT |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice were served electronically June 24, 2021 to:

**Attorneys for Plaintiff**
McShane & Brady, LLC
Maureen M. Brady
Lucy McShane
Nicholas Luedecke
1656 Washington Street, Suite 120
Kansas City, MO 64108
E-mail: mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com
nick@mcshanebradylaw.com

**Attorneys for Plaintiff**
Norman & Graves Law Firm
Phyllis A. Norman
4505 Madison Ave. Ste. 220
Kansas City, Missouri 64111
Email: phyllis@ngkclaw.com

/s/ Daniel. E. Tranen